UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Edward Wilson, | Case No. 23-CV-1994 (ECT/ECW) |
| Plaintiff, | |
| v. | ORDER AND<br>REPORT AND RECOMMENDATION |
| Ramsey County ADC Jail and<br>Department of Justice, | |
| Defendants. | |

---

On July 18, 2023, this Court directed Plaintiff Edward Wilson, a prisoner, to pay an initial partial filing fee of at least $23.09 within 21 days, failing which it would be recommended that this matter be dismissed without prejudice for failure to prosecute. (*See* Dkt. 4.) When Wilson did not respond to the Order within the time allotted, this Court recommended that the matter be dismissed. (*See* Dkt. 5.) But Wilson has now requested additional time in which to pay the initial partial filing fee, asserting that he is currently unable to make the $23.09 payment. (*See* Dkt. 7.)

Under 28 U.S.C. § 1915(b)(4), a court may waive the requirement that a prisoner pay an initial partial filing fee if it is determined that the prisoner "has no assets and no means by which to pay" that fee. This Court concludes, based on the representations in Wilson's recent letter, that he has no assets and no means from which to pay the $23.09 initial partial filing fee previously assessed in this matter. Accordingly, the requirement of payment of that initial fee will be waived in this matter, and the Court's prior

recommendation that this action be dismissed without prejudice due to Wilson's failure to pay the initial partial filing fee will be vacated.

The matter of Wilson's initial partial filing fee now having been resolved, this matter is now ripe for review under 28 U.S.C. § 1915A.  See 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").  Under § 1915A(b),

> [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint —
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  See Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face." Id. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Pro se

complaints are to be construed liberally, but "they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Wilson alleges that, while incarcerated at the Ramsey County Adult Detention Center in November 2022, he was called a "dumb ass bitch" by a correctional officer. (*See* Dkt. 1 at 1.) Wilson was moved the next day out of the area where this correctional officer worked due to an unrelated illness, but officials later returned him to that unit despite his complaints that being in the same unit as the officer who called him a "dumb ass bitch" made him uncomfortable. (*Id*.) Based solely on these events, Wilson now seeks $100 million from the Ramsey County Adult Detention Center.[1]

Wilson has not stated a claim on which relief may be granted. The Ramsey County Adult Detention Center is not an entity amenable to suit. *See De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436 (8th Cir. 2001) (per curiam). Even if Wilson had named a cognizable defendant, such as a jail official or political entity such as Ramsey County, insults are not a sufficient basis for a cognizable claim under 42 U.S.C. § 1983 except in extraordinary circumstances (such as when accompanied by death threats), and Wilson alleges no such extraordinary circumstances. *See McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993). Nor, so far as the Court is aware, is there any other cause of action arising under federal law for having been called a "dumb ass bitch."

---

[1] Wilson also names the Department of Justice as a defendant, though it is not clear why, as the allegations in the Complaint have nothing to do with the Department of Justice, which is not otherwise mentioned in the Complaint. Wilson plainly has not stated a claim on which relief may be granted against the Department of Justice.

3

And there is no reason to believe from the Complaint that the Court has original jurisdiction over any claims arising under state law.

Accordingly, it is recommended that this matter be dismissed without prejudice pursuant to § 1915A(b).  Wilson remains responsible for the $350.00 statutory filing fee for this matter, which must be paid in installments over time.  *See* 28 U.S.C. § 1915(b). Officials at the facility where Wilson is now detained will be apprised of that requirement.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. The August 16, 2023 Report and Recommendation (Dkt. 5) is **VACATED**.

2. Wilson is directed to pay the unpaid balance ($350.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Wilson is confined.

## RECOMMENDATION

**IT IS FURTHER RECOMMENDED THAT**:

1. This action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

2. The application to proceed *in forma pauperis* of plaintiff Edward Wilson (Dkt. 3) be **DENIED**.

Dated: September 12, 2023            *s/Elizabeth Cowan Wright*
                                     Elizabeth Cowan Wright
                                     United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).